SPECTRUM HEALTH HOSPITALS v WESTFIELD INSURANCE COMPANY, No. 151419; Court of Appeals No. 323804. The parties shall file supplemental briefs within 42 days of the date of this order addressing: (1) whether *Miller v Auto-Owners Ins Co*, 411 Mich 633 (1981), remains a viable precedent in light of *Frazier v Allstate Ins Co*, 490 Mich 381 (2011), and *LeFevers v State Farm Mut Auto Ins Co*, 493 Mich 960 (2013); and (2) if so, whether *Miller* should be overruled. The parties should not submit mere restatements of their application papers.

The Michigan Association for Justice, Michigan Defense Trial Counsel, Inc., and the Negligence Law Section of the State Bar of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

PEOPLE v FEELEY, No. 152534; reported below: 312 Mich App 320. The parties shall file supplemental briefs within 42 days of the date of this order addressing whether the term "police officer" in MCL 750.81d(7)(b)(*i*) encompasses reserve police officers. The parties should not submit mere restatements of their application papers.

*Leave to Appeal Denied January 29, 2016:*

PEOPLE v DUENAZ, No. 150286; reported below: 306 Mich App 85. On January 14, 2016, the Court heard oral argument on the application for leave to appeal the July 10, 2014 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is denied, because we are not persuaded that the question presented should be reviewed by this Court. We note, however, that the Court of Appeals has remanded this case to the St. Clair Circuit Court for resentencing, and that any such resentencing must comply with the procedure described in *People v Lockridge*, 498 Mich 358 (2015).

In addition, we encourage the Legislature to clarify whether evidence of prior sexual abuse constitutes "sexual conduct" within the meaning of the rape-shield statute, MCL 750.520j. The statute does not define "sexual conduct," and the proper construction of that term is a question that has divided Justices of this Court. See *People v Parks*, 483 Mich 1040 (2009) (YOUNG, J., concurring) (MARKMAN, J., dissenting); *People v Piscopo*, 480 Mich 966 (2007) (MARKMAN, J., dissenting).